**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4569**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLIFFORD EDWARD SHIRLEY, JR., a/k/a Skip,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:15-cr-00095-BHH-7)

Submitted: May 2, 2017                     Decided: May 26, 2017

Before GREGORY, Chief Judge, and KING and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Timothy Anderson, ANDERSON & ASSOCIATES, Virginia Beach, Virginia, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifford Edward Shirley, Jr., pleaded guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to conspiracy with intent to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The parties agreed to a 120-month term of imprisonment, and the district court sentenced Shirley accordingly. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the record contained sufficient evidence to substantiate the drug weights alleged in the indictment. Shirley has filed a pro se supplemental brief raising the same challenge.

"A defendant who pleads guilty . . . admits all of the factual allegations made in the indictment, and waives all non-jurisdictional defects, including the right to contest the factual merits of the charges." *United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 515 (4th Cir. 2005) (citation and internal quotation marks omitted). Accordingly, by pleading guilty, Shirley waived his right to challenge the sufficiency of the drug weight evidence. *See United States v. Willis*, 992 F.2d 489, 491 (4th Cir. 1993).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Shirley's conviction, and dismiss the appeal from Shirley's sentence for lack of jurisdiction. *See* 18 U.S.C. § 3742(a), (c)(1) (2012); *United States v. Williams*, 811 F.3d 621, 623, 625 (4th Cir. 2016). This court requires that counsel inform Shirley, in writing, of the right to petition the Supreme Court of the United States for further review. If Shirley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

2

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shirley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*